145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesus Ruben NUNGARAY, Defendant-Appellant.
 No. 96-50424.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1998.
April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California.
 Before: WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge.**
 MEMORANDUM*
 TURRENTINE, J., Presiding.
 
 
 1
 Appellant Nungaray appeals his conviction for conspiracy to possess methamphetamine with intent to distribute and possession with intent to distribute. He argues that the evidence was insufficient to support a conviction, that the trial judge improperly admitted expert testimony, and that the jury instructions improperly included his name. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Sufficiency of the Evidence
 
 2
 The prosecution presented sufficient evidence that appellant participated in and aided and abetted the May 10, 1995 drug sale. Contrary to appellant's contention, there is no evidence that appellant's co-conspirators had "cut him out" of the deal. In fact, appellant told the government informant in advance that the co-conspirator would conduct the sale. The mere fact that the price was increased does not suggest that appellant had been double-crossed.
 
 II. Admission of Expert Testimony
 
 3
 The district court properly admitted the expert testimony of Agent Starr that appellant was "a broker ... a person who purchases quantities of narcotics and then arranges for a resale of the narcotics to make a profit" and that "Mr. Nungaray did not want to be there, didn't want to get his hands dirty. He didn't want to take a chance of being arrested, of being robbed, of being taken advantage of. So he uses Blackie to take his place for the transaction." II RT 216-18.
 
 
 4
 Where a defendant did not object to the admission of expert testimony at trial, "this Court will reverse only if admission of the testimony constituted plain error affecting substantial rights." United States v. Alonso, 48 F.3d 1536 (9th Cir.1995) (citing United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Under Federal Rule of Evidence 103, appellant's pre-trial objection to the overall use of Agent Starr's testimony did not constitute a specific objection to any particular statement of Agent Starr at trial. We therefore apply the plain error standard.
 
 
 5
 Agent Starr's testimony was helpful to the jury. To be admissible, expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Starr's testimony plainly satisfied this test, because it could have helped the jury determine whether appellant was a part of the conspiracy to sell the thirteen pounds on May 10, even though he was not present at the actual sale.
 
 
 6
 The testimony was not an improper attempt to bolster the credibility of the confidential informant. Agent Starr's did not testify about whether the confidential informant was likely to be telling the truth. Instead, he provided information about the role of appellant in the conspiracy that bolstered the confidential informant's testimony simply because it was consistent with it. Agent Starr's testimony thus did not improperly interfere with the jury's duty to determine the informant's credibility.
 
 
 7
 The testimony was not a direct opinion that appellant was guilty. An expert may not state his opinion about the defendant's guilt or innocence. See United States v. Alonso, 48 F.3d 1536, 1540 (9th Cir.1995). It is permissible for an expert, however, to testify that a defendant's innocent-appearing behavior is consistent with or indicates illegal activity. Id. at 1541 (upholding admission of expert opinion that looking into cars and at people was counter-surveillance consistent with involvement in an illegal activity); see also United States v. Fleishman, 684 F.2d 1329, 1335 (9th Cir.1982) (upholding admission of expert opinion that defendant's behavior was consistent with role of lookout in drug conspiracy). This case is indistinguishable. Agent Starr testified that appellant's absence from the drug deal, behavior that appeared innocent, was in fact consistent with his illegal role as a broker. Under the established law of this circuit, such testimony does not impermissibly intrude on the jury's duty to determine guilt or innocence.
 
 
 8
 Finally, Agent Starr's testimony did not offer an opinion about appellant's mental state. Expert opinions about mental states constituting an element of a crime are forbidden by Federal Rule of Evidence 704. Expert testimony "on a matter from which the factfinder might infer a defendant's mental state," however, is not forbidden. United States v. Morales, 108 F.3d 1031, 1037 (9th Cir.1997). Agent Starr merely expressed opinions from which the jury could have inferred appellant's intent; he did not resolve the question of intent for the jury. The trial court's admission of his testimony was therefore proper under Morales.
 
 III. Jury Instruction
 
 9
 The insertion of appellant's name in the aiding and abetting jury instruction did not improperly guide the jury to a conviction. Because appellant did not object to the insertion of his name into the instruction, this Court reviews for plain error. See United States v. Varela, 993 F.2d 686, 688 (9th Cir.1993) (where defendant objected on a ground different from that raised in the appeal, appellate court reviews instruction for plain error). The mere mention of appellant's name in the instruction did not in any way indicate the judge's impression of appellant's guilt. Likewise, telling the jury that they must decide whether he "counseled, commanded, induced, or procured" the commission of the crime did not draw the jury's attention to any facts, but rather simply restated the applicable legal rule. It is true that the use of appellant's name instead of a generic reference to "a defendant" in the aiding and abetting instruction suggested that the jury should apply that theory only to him, and not to the other defendants. If anything, however, this drew the jury's attention to the fact that appellant was the only defendant who was not present at the May 10 sale. The use of the instruction was thus not plain error.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3